Minshall, J.
The suit below was brought by the administrator of a deceased wife against the administrator of her deceased husband, and sought to charge his estate with a claim for money had and received by him in trust for her. They intermarried in 1836, she being at the time the widow of Merritt Pettit■ deceased, in whose lands she had a dower estate. It is claimed that her last husband, the decedent of the plaintiff in error, received the rent arising from the dower estate of his wife in the lands of her former husband, amounting to $2,950, and, also, the money paid by a railway company for the right of way through her dower estate, and that in 1868 he received her share in the estate of her father amounting to $650.59; t;hat all these sums were received by the husband in the right of the wife, without intention to make the same his own; that he so held the money in trust for her, and had promised to invest it for her use, but died before doing so. All the material facts were controverted by the answer. The case was tried to the court, a jury being waived; the court found for the defendant and dismissed the petition. Thereupon the plaintiff below appealed to the district court; and, the cause having been transferred to the circuit court, a motion was made therein to dismiss the appeal on the ground that neither party was entitled to a jury on the issues of fact joined between them. The motion was overruled, and, a trial-being had, the! circuit court rendered a judgment in favor of the appellant. In refusing to dismiss the appeal we think the court erred.
The constitutional limitation as to trial by jury is on the power to abridge, and not on the power to extend, the right of trial by that method. The right may be extended, but not abridged. So that the question is not merely, whether at common law, either-party had, upon the issues joined, a right to trial by jury, but whether under the provisions of our code of civil procedure such right is awarded him. The code provides, § 5130 R. S., *29 that issues of fact arising in actions for the recovery of money only, shall be tried by a jury, unless waived by the parties; and such actions are not appealable. § 5226 R. S. Hence the right of a party to trial by j ury, in a given case, does not depend upon the character of the principles upon which he may base-his right to relief, but upon the nature and character of the relief sought. If the relief sought is a money judgment only, and all that is required to afford him a remedy, it is immaterial whether his right of action is based upon what were formerly regarded as equitable, or upon what were regarded as legal, principles. In either case the remedy must be sought in the civil action of the code; and, in it, trial by jury is given upon all issues of fact where the relief sought is a money judgment, only. See Alsdorf v. Reed, 45 Ohio St. 653, and cases there cited.
The claim of the plaintiff below, when reduced to its substance, is, that the husband of his intestate received moneys belonging to her, that he promised to hold and invest for her use. For not doing so, he asks to recover a judgment fbr money against the administrator of the husband for the amount, so received; 'and such judgment and none other was rendered by the circuit court. The fact that the court ordered that it. should be a lien upon all the lands of which the husband died seized, added nothing to the relief granted; for such would have been its effect had no such order been made, had the court-had jurisdiction to hear and determine the case on appeal.
The fact that prior to the code the only remedy would have^ been a suit in equity, does not affect the right of either party to demand a jury trial upon the issues of fact joined in the action. Hence the case of Huber v. Huber’s Adm’r, 10 Ohio, 371, has no application to the question presented here. The case then was not appealable, and the circuit court erred in not. sustaining the. motion to dismiss the same.

Judgment reversed and appeal dismissed.